E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
Assistant United States Attorney
Chief, Public Corruption & Civil Rights Section
CASSIE D. PALMER (Cal. Bar No. 268383)
SUSAN S. HAR (Cal. Bar No. 301924)
BRIAN R. FAERSTEIN (Cal. Bar No. 274850)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091
     Facsimile: (213) 894-6436
     E-mail:    mack.jenkins@usdoj.gov
                cassie.palmer@usdoj.gov
                susan.har@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 20-326(A)-JFW-1 |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT JOSE LUIS HUIZAR |
| v. | |
| JOSE LUIS HUIZAR, | |
| Defendant. | |

     1.   This constitutes the plea agreement between defendant JOSE
LUIS HUIZAR ("defendant") and the United States Attorney's Office for
the Central District of California (the "USAO") in the above-
captioned case.  This agreement is limited to the USAO and cannot
bind any other federal, state, local, or foreign prosecuting,
enforcement, administrative, or regulatory authorities.

1

<u>RULE 11(c)(1)(C) AGREEMENT</u>

2      2.   Defendant understands that this agreement is entered into

3   pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).

4   Accordingly, defendant understands that, if the Court determines that

5   it will not accept this agreement, absent a breach of this agreement

6   by defendant prior to that determination and whether or not defendant

7   elects to withdraw any guilty pleas entered pursuant to this

8   agreement, this agreement will, with the exception of section below

9   regarding Withdrawal of Guilty Plea, be rendered null and void and

10  both defendant and the USAO will be relieved of their obligations

11  under this agreement.  Defendant agrees, however, that if defendant

12  breaches this agreement prior to the Court's determination whether or

13  not to accept this agreement, the breach provisions of this

14  agreement, below, will control, with the result that defendant will

15  not be able to withdraw any guilty pleas entered pursuant to this

16  agreement, the USAO will be relieved of all of its obligations under

17  this agreement, and the Court's failure to follow any recommendation

18  or request regarding sentence set forth in this agreement will not

19  provide a basis for defendant to withdraw defendant's guilty pleas.

20

<u>DEFENDANT'S OBLIGATIONS</u>

21     3.   Defendant agrees to:

22          a.   At the earliest opportunity requested by the USAO and

23  provided by the Court, appear and plead guilty to counts one and

24  forty-one of the First Superseding Indictment in <u>United States v.</u>

25  <u>Jose Luis Huizar, et. al</u>, No. CR 20-326(A)-JFW, which charge

26  defendant with Racketeer Influenced and Corrupt Organization ("RICO")

27  Conspiracy, in violation of 18 U.S.C. § 1962(d), and Tax Evasion, in

28  violation of 26 U.S.C. § 7201.

b.   Not contest the Factual Basis agreed to in this agreement, as set forth in Attachment A.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Recommend defendant be sentenced to no less than 108 months' (9 years') imprisonment pursuant to the 18 U.S.C. § 3553(a) factors and applicable Guidelines.

i.   Pay any restitution ordered by the Court.

4.   Defendant agrees that any and all criminal debt ordered by the Court will be due in full and immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

a.   Complete the Financial Disclosure Statement on a form provided by the USAO and, within 30 days of defendant's entry of a

guilty pleas, deliver the signed and dated statement, along with all of the documents requested therein, to the USAO by either email at usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial Litigation Section at 300 North Los Angeles Street, Suite 7516, Los Angeles, CA 90012.  Defendant agrees that defendant's ability to pay criminal debt shall be assessed based on the completed Financial Disclosure Statement and all required supporting documents, as well as other relevant information relating to ability to pay.

b.   Authorize the USAO to obtain a credit report upon returning a signed copy of this plea agreement.

c.   Consent to the USAO inspecting and copying all of defendant's financial documents and financial information held by the United States Probation and Pretrial Services Office.

5.   Defendant agrees to cooperate with the Internal Revenue Service in the determination of defendant's tax liability for 2017. Defendant agrees that:

a.   Defendant will file, prior to the time of sentencing, amended return for the year subject to the above admissions and consistent with the Factual Basis agreed to in this agreement, correctly reporting unreported income; will, if requested to do so by the Internal Revenue Service, provide the Internal Revenue Service with information regarding the year covered by the return; will pay to the Fiscal Clerk of the Court at or before sentencing all additional taxes and all penalties and interest assessed by the Internal Revenue Service on the basis of the returns; and will promptly pay to the Fiscal Clerk of the Court all additional taxes and all penalties and interest thereafter determined by the Internal Revenue Service to be owing as a result of any computational

error(s).  Payments may be made to the Clerk, United States District Court, Fiscal Department, 255 East Temple Street, Room 1178, Los Angeles, California 90012.  The payment should include on it defendant's case name and number.

b.   Nothing in this agreement forecloses or limits the ability of the Internal Revenue Service to examine and make adjustments to defendant's returns after they are filed.

c.   Defendant will not, after filing the returns, file any claim for refund of taxes, penalties, or interest for amounts attributable to the returns filed in connection with this plea agreement.

d.   Defendant is liable for the fraud penalty imposed by the Internal Revenue Code, 26 U.S.C. § 6663, on the understatement of tax liability for 2017.

e.   Defendant gives up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the criminal investigation of this matter, including materials and information obtained through grand jury subpoenas.

f.   Defendant will sign closing agreements with the Internal Revenue Service prior to the time of sentencing, permitting the Internal Revenue Service to assess and collect the total sum owed for defendant's tax year 2017, which comprises the tax liabilities, as well as assess and collect the civil fraud penalty for each year and statutory interest, on the tax liabilities, as provided by law.

g.   In connection with signing the above-referenced closing agreements, defendant will, if requested to do so by the

Internal Revenue Service, provide the Internal Revenue Service with information regarding the 2017 tax year.

6. Defendant further agrees:

a. To forfeit all right, title, and interest in and to any and all monies, properties, and/or assets of any kind, derived from or acquired as a result of the illegal activity to which defendant is pleading guilty, specifically including, but not limited to, the following: $129,000 cash (collectively, the "Forfeitable Assets").

b. To the Court's entry of an order of forfeiture at or before sentencing with respect to the Forfeitable Assets and to the forfeiture of the assets.

c. To take whatever steps are necessary to pass to the United States clear title to the Forfeitable Assets, including, without limitation, the execution of a consent decree of forfeiture and the completing of any other legal documents required for the transfer of title to the United States.

d. Not to contest any administrative forfeiture proceedings or civil judicial proceedings commenced against the Forfeitable Assets. If defendant submitted a claim and/or petition for remission for all or part of the Forfeitable Assets on behalf of himself or any other individual or entity, defendant shall and hereby does withdraw any such claims or petitions, and further agrees to waive any right he may have to seek remission or mitigation of the forfeiture of the Forfeitable Assets.

e. Not to assist any other individual in any effort falsely to contest the forfeiture of the Forfeitable Assets.

1        f.   Not to claim that reasonable cause to seize the

2   Forfeitable Assets was lacking.

3        g.   To prevent the transfer, sale, destruction, or loss of

4   any and all assets described above to the extent defendant has the

5   ability to do so.

6        h.   To fill out and deliver to the USAO a completed

7   financial statement listing defendant's assets on a form provided by

8   the USAO.

9        i.   The parties further agree that, pursuant to the Asset

10  Forfeiture Policy Manual (2021), Chapter 14, Sec. II.B.2 and 28

11  C.F.R. Part 9.8, upon a determination by the government that it can

12  make the required representations set forth therein, and if requested

13  by defendant, the government will submit a restoration request to the

14  Money Laundering and Asset Recovery Section of the Department of

15  Justice, seeking approval for any assets forfeited to be restored to

16  the victims in this case, which may, in turn, satisfy in full or part

17  any restitution order. Defendant has acknowledged that the Attorney

18  General, or his designee, has the sole discretion to approve or deny

19  the restoration request.

20       j.   To the entry as part of defendant's guilty plea of a

21  personal money judgment of forfeiture against defendant in the amount

22  of $129,000, which sum defendant admits was derived from proceeds

23  traceable to or involved in the violations described in the Factual

24  Basis.  Defendant understands that the money judgment of forfeiture

25  is part of defendant's sentence, and is separate from any fines or

26  restitution that may be imposed by the Court.

<u>THE USAO'S OBLIGATIONS</u>

27

28       7.   The USAO agrees to:

7

      a.   Not contest the Factual Basis agreed to in this agreement.

      b.   Abide by all agreements regarding sentencing contained in this agreement.

      c.   At the time of sentencing, move to dismiss the remaining counts of the First Superseding Indictment and the underlying indictment as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

      d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

      e.   Recommend that defendant be sentenced to no higher than 156 months' (13 years') imprisonment pursuant to the 18 U.S.C. § 3553(a) factors and applicable Guidelines.

NATURE OF THE OFFENSES

8.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, RICO Conspiracy, in violation of 18 U.S.C. § 1962(d), the following must be true:

      a.   First, there was an agreement between two or more persons that: (i) an enterprise, namely, the CD-14 Enterprise would exist, as alleged in the First Superseding Indictment ("FSI"); and (ii) a member of the agreement associated with the CD-14 Enterprise

1   would conduct or participate, directly or indirectly, in the conduct

2   of the CD-14 Enterprise affairs through a pattern of racketeering

3   activity, as described in the FSI;

4         b.   Second, defendant became a member of the agreement

5   knowing of its purpose and agreeing to further or facilitate it; and

6         c.   Third, the CD-14 Enterprise would or did engage in, or

7   its activities would or did affect, interstate or foreign commerce.

8   An "enterprise" includes a group of people associated together for a

9   common purpose of engaging in a course of conduct over a period of

10  time.  "Racketeering activity" refers to the commission of multiple

11  acts chargeable under provisions of federal and state law listed in

12  the RICO Act, including Giving or Offering a Bribe, or Requesting or

13  Taking a Bribe, in violation of California Penal Code §§ 67.5, 85,

14  and 165, Honest Services Fraud through Mail and Wire Fraud, in

15  violation of 18 U.S.C. §§ 1346, 1341, and 1343, Money Laundering, in

16  violation of 18 U.S.C. §§ 1956 and 1957, and Obstruction of Justice

17  and Witness Tampering, in violation of 18 U.S.C. § 1512.  A "pattern

18  of racketeering activity" is at least two racketeering acts, the last

19  of which occurred within ten years of the commission of a prior act

20  of racketeering, that have a relationship to each other and pose a

21  threat of continuity.  Conduct forms a pattern if it consists of

22  criminal acts that have the same or similar purposes, results,

23  participants, victims, or methods of commission, or otherwise are

24  interrelated by distinguishing characteristics and are not isolated.

25     9.   Defendant understands that for defendant to be guilty of

26  the crime charged in count forty-one, that is, Tax Evasion, in

27  violation of 26 U.S.C. § 7201, the following must be true:

28

a.    First, defendant owed more federal income tax for the calendar year 2017 than was declared due on defendant's income tax return for that calendar year;

b.    Second, defendant knew that more federal income tax was owed than was declared due on defendant's income tax return;

c.    Third, defendant made an affirmative attempt to evade or defeat such additional tax; and

d.    Fourth, in attempting to evade or defeat such additional tax, defendant acted willfully.

A defendant acts willfully when a defendant knows that the federal tax law imposed a duty on defendant and defendant intentionally and voluntarily violated that duty.

<u>PENALTIES</u>

10.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 1962(d) is: 20 years' imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

11.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 26 U.S.C. § 7201 is: 5 years' imprisonment; a 3-year period of supervised release; a fine of $100,000; the costs of prosecution; and a mandatory special assessment of $100.

12.    Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 25 years' imprisonment; a 3-year period of supervised release; a fine of $350,000 or twice the gross gain or gross loss resulting from the

offenses, whichever is greatest; the costs of prosecution; and a mandatory special assessment of $200.

13. Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States based upon the count of conviction and any relevant conduct; and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

14. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

15. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition. Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated

11

1 collateral consequences will not serve as grounds to withdraw

2 defendant's guilty pleas.

### RESTITUTION

4      16.   Defendant agrees to make full restitution to the victims of

5 the offenses to which defendant is pleading guilty.  In particular,

6 defendant agrees that, in return for the USAO's compliance with its

7 obligations under this agreement, the Court may order restitution to

8 the City of Los Angeles or any other victim of any of the following

9 for any losses suffered by that victim as a result of: (a) any

10 relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with

11 the offenses to which defendant is pleading guilty; and (b) any

12 counts dismissed pursuant to this agreement as well as all relevant

13 conduct, as defined in U.S.S.G. § 1B1.3, in connection with those

14 counts.  The government currently believe that the applicable amount

15 of restitution is not greater than $1,857,679, but recognize and

16 agree that this amount could change based on facts that come to the

17 attention of the parties prior to sentencing.

### CRIMINAL FORFEITURE

19      17.   The Court will also order forfeiture of the property

20 described in paragraph 43, overt act no. 445 of count one of the

21 First Superseding Indictment pursuant to 18 U.S.C. § 1963, or

22 substitute assets up to the value of that property.

### FACTUAL BASIS

24      18.   Defendant admits that defendant is, in fact, guilty of the

25 offenses to which defendant is agreeing to plead guilty.  Defendant

26 and the USAO agree to the statement of facts provided attached hereto

27 as Attachment A and agree that this statement of facts is sufficient

28 to support pleas of guilty to the charges described in this agreement

1   and to establish the Sentencing Guidelines factors set forth in

2   paragraph 20 below but is not meant to be a complete recitation of

3   all facts relevant to the underlying criminal conduct or all facts

4   known to either party that relate to that conduct.

5             SENTENCING FACTORS AND AGREED UPON SENTENCING

6        19.  Defendant understands that in determining defendant's

7   sentence the Court is required to calculate the applicable Sentencing

8   Guidelines range and to consider that range, possible departures

9   under the Sentencing Guidelines, and the other sentencing factors set

10  forth in 18 U.S.C. § 3553(a).  Defendant understands that the

11  Sentencing Guidelines are advisory only.

12       20.  Defendant and the USAO agree to the following applicable

13  Sentencing Guidelines factors:

14  ///

| | | |
|---|---|---|
| Base Offense Level: | 14 | U.S.S.G. §§ 2E1.1(a)(2); 2C1.1(a)(1) |
| More than 1 Bribe: | +2 | U.S.S.G. § 2C1.1(b)(1) |
| Bribe Value >$1,500,000: | +16 | U.S.S.G. §§ 2C1.1(b)(2); 2B1.1(b)(1)(I) |
| Elected Official: | +4 | U.S.S.G. § 2C1.1(b)(3) |
| Organizer/Leader | +4 | U.S.S.G. § 3B1.1(a) |
| Obstruction | +2 | U.S.S.G. § 3C1.1 |
| Acceptance of Responsibility | -3 | U.S.S.G. § 3E1.1 |
| Total Offense Level: | 39 | |
| Criminal History Category: | I | |

The parties agree not to argue that any other specific offense characteristics, adjustments, or departures be imposed.

21. Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the relevant sentencing guideline factors set forth above, an appropriate disposition of this case is that the Court impose a sentence of: between 108 and 156 months' imprisonment; three years' supervised release with conditions to be fixed by the Court; and $200 special assessment. There is currently no agreement as to a specific fine or restitution amount. However, the parties agree that any fine and restitution is to be paid pursuant to a schedule to be fixed by the Court. The parties also agree that no prior imprisonment (other than credits that the Bureau of Prisons may allow under 18 U.S.C. § 3585(b)) may be credited against this stipulated sentence, including credit under Sentencing Guideline § 5G1.3.

14

## WAIVER OF CONSTITUTIONAL RIGHTS

22.  Defendant understands that by pleading guilty, defendant gives up the following rights:

      a.  The right to persist in a plea of not guilty.

      b.  The right to a speedy and public trial by jury.

      c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

      d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.  The right to confront and cross-examine witnesses against defendant.

      f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.  Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION AND COLLATERAL ATTACK

23.  Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to

15

appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

24.  Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, [including any order of restitution, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

<u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE</u>

25.  Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 156 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any

restitution order, provided it requires payment of no more than $1,857,679; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d).

26. The USAO agrees that, provided the Court imposes a sentence within the range for the term of imprisonment specified in paragraph 21, the USAO waives its right to appeal any portion of the sentence.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

27. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

1              RESULT OF VACATUR, REVERSAL OR SET-ASIDE

2        28.  Defendant agrees that if any count of conviction is

3 vacated, reversed, or set aside, the USAO may: (a) ask the Court to

4 resentence defendant on any remaining count of conviction, with both

5 the USAO and defendant being released from any stipulations regarding

6 sentencing contained in this agreement, (b) ask the Court to void the

7 entire plea agreement and vacate defendant's guilty plea on any

8 remaining count of conviction, with both the USAO and defendant being

9 released from all their obligations under this agreement, or

10 (c) leave defendant's remaining conviction, sentence, and plea

11 agreement intact.  Defendant agrees that the choice among these three

12 options rests in the exclusive discretion of the USAO.

13                 EFFECTIVE DATE OF AGREEMENT

14        29.  This agreement is effective upon signature and execution of

15 all required certifications by defendant, defendant's counsel, and an

16 Assistant United States Attorney.

17                 BREACH OF AGREEMENT

18        30.  Defendant agrees that if defendant, at any time after the

19 signature of this agreement and execution of all required

20 certifications by defendant, defendant's counsel, and an Assistant

21 United States Attorney, knowingly violates or fails to perform any of

22 defendant's obligations under this agreement ("a breach"), the USAO

23 may declare this agreement breached.  All of defendant's obligations

24 are material, a single breach of this agreement is sufficient for the

25 USAO to declare a breach, and defendant shall not be deemed to have

26 cured a breach without the express agreement of the USAO in writing.

27 If the USAO declares this agreement breached, and the Court finds

28 such a breach to have occurred, then: (a) if defendant has previously

entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

31.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a.  Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.  Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

c.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

19

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

## OFFICE NOT PARTIES

32.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors, subject to the terms of paragraph two.

33.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 20 are consistent with the facts of this case.  This paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the Factual Basis agreed to in this agreement.

## NO ADDITIONAL AGREEMENTS

34.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

2        35.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    E. MARTIN ESTRADA
     United States Attorney

9

10   _____        1/18/2023
                                               _____
     MACK E. JENKINS                           Date
11   CASSIE D. PALMER
     SUSAN S. HAR
12   BRIAN R. FAERSTEIN
     Assistant United States Attorneys

13

14

15   _____        01/18/2023
                                               _____
16   JOSE LUIS HUIZAR                          Date
     Defendant

17

18

19

20   _____        01/18/2023
                                               _____
21   CUAUHTEMOC ORTEGA                         Date
     Federal Public Defender
22   CAREL ALÉ
     CHARLES SNYDER
23   ADAM OLIN
     Deputy Federal Public Defenders
24   Attorneys for Defendant
     JOSE LUIS HIUZAR

25

26

27

28

                          22

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          01/18/2023
JOSE LUIS HUIZAR                          _____
Defendant                                 Date

23

1                           CERTIFICATION OF DEFENDANT'S ATTORNEY

2          I am JOSE LUIS HUIZAR's attorney.  I have carefully and

3    thoroughly discussed every part of this agreement with my client.

4    Further, I have fully advised my client of his rights, of possible

5    pretrial motions that might be filed, of possible defenses that might

6    be asserted either prior to or at trial, of the sentencing factors

7    set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

8    provisions, and of the consequences of entering into this agreement.

9    To my knowledge: no promises, inducements, or representations of any

10   kind have been made to my client other than those contained in this

11   agreement; no one has threatened or forced my client in any way to

12   enter into this agreement; my client's decision to enter into this

13   agreement is an informed and voluntary one; and the factual basis set

14   forth in this agreement is sufficient to support my client's entry of

15   guilty pleas pursuant to this agreement.

16

17   _____          01/18/2023
     CUAUHTEMOC ORTEGA                         Date
18   Federal Public Defender
     CAREL ALE
19   CHARLES SNYDER
     ADAM OLIN
20   Deputy Federal Public Defenders
     Attorneys for Defendant
21   JOSE LUIS HUIZAR

22

23

24

25

26

27

28

                                        24