E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS (Cal. Bar No. 242101)
Assistant United States Attorney
Chief, Criminal Division
SUSAN S. HAR (Cal. Bar No. 301924)
J. JAMARI BUXTON (Cal. Bar No. 342364)
Assistant United States Attorneys
Public Corruption & Civil Rights Section
PATRICK CASTAÑEDA (Cal. Bar No. 319431)
Assistant United States Attorney
International Narcotics, Money Laundering,
& Racketeering Section
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3289
     Facsimile: (213) 894-6436
     E-mail:    Susan.Har@usdoj.gov
                Jamari.Buxton@usdoj.gov
                Patrick.Castaneda@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                  UNITED STATES DISTRICT COURT

            FOR THE CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,           No.  CR 20-326(A)-JFW-4

          Plaintiff,                JOINT STATEMENT REGARDING COSTS OF
                                    PROSECUTION; DECLARATION OF SUSAN
          v.                        S. HAR; GOVERNMENT EXHIBITS A-F

SHEN ZHEN NEW WORLD I, LLC,

          Defendant.


     Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California and Assistant United States Attorneys Mack E. Jenkins,

Susan S. Har, J. Jamari Buxton, and Patrick Castañeda, and defendant

SHEN ZHEN NEW WORLD I, LLC, by and through their counsel of record

Richard Steingard and Craig Wilke, hereby submit their Joint

Statement Regarding the Costs of Prosecution.

1    This filing is based upon the below memoranda of points and

2  authorities, the government's supporting declaration and exhibits,

3  the files and records in this case, and such further evidence and

4  argument as the Court may permit.

5

6  Dated: April 24, 2023          Respectfully submitted,

7                                 E. MARTIN ESTRADA
                                   United States Attorney
8

9                                    */s/ Susan S. Har*
                                   SUSAN S. HAR
10                                 MACK E. JENKINS
                                   J. JAMARI BUXTON
11                                 PATRICK CASTAÑEDA
                                   Assistant United States Attorneys
12

13

14
   Dated: April 24, 2023            */s/ per email authorization*
15                                 CRAIG WILKE
                                   RICHARD STEINGARD
16                                 Attorneys for Defendant
                                   SHEN ZHEN NEW WORLD I, LLC
17

18

19

20

21

22

23

24

25

26

27

28

## **TABLE OF CONTENTS**

**Contents**

TABLE OF AUTHORITIES..................................................ii

TABLE OF GOVERNMENT EXHIBITS........................................iii

GOVERNMENT'S MEMORANDUM OF POINTS AND AUTHORITIES...................1

I.    INTRODUCTION...................................................1

II.   RELEVANT FACTS................................................2

      A.    The Government's Costs of Prosecution....................2

            1.    Database Management System: $178,003.64.............2

            2.    Translations and Transcriptions: $17,050.28.........4

            3.    Court Transcripts: $3,741.06........................4

            4.    Witness Interpreters: $5,845........................5

            5.    Witness Travel: $120................................5

III.  LEGAL STANDARD................................................6

IV.   ARGUMENT......................................................7

      A.    The Cost of the Casino Loyale Database from November
            2020 to November 2022 Should Be Assessed................8

      B.    The Cost of the Translations and Transcripts Should Be
            Assessed...............................................10

      C.    The Cost of the Court Transcripts Should Be Assessed.....11

      D.    The Cost of the Witness Interpreters Should Be
            Assessed...............................................11

      E.    The Cost of Witness Travel Should Be Assessed...........11

V.    CONCLUSION...................................................12

DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES...................13

**TABLE OF AUTHORITIES**

Page(s)

Cases

United States v. Bussell,
  504 F.3d 956 (9th Cir. 2007) ....................................... 7
United States v. Fowler,
  794 F.2d 1446 (9th Cir. 1986) .................................... 10
United States v. Gering,
  716 F.2d 615 (9th Cir. 1983) ............................... 6, 7, 13
United States v. Patel,
  762 F.2d 784 (9th Cir. 1985) ...................................... 6
United States v. Pommerening,
  500 F.2d 92 (10th Cir. 1974) ...................................... 6

Statutes

28 U.S.C. § 1918.............................................. 1, 3, 4
28 U.S.C. § 1918(b)............................................. 6, 13
28 U.S.C. § 1920........................................... passim
28 U.S.C. § 1920(2)............................................ 11, 16
28 U.S.C. § 1920(3)............................................ 13, 14
28 U.S.C. § 1920(4)............................................... 13
28 U.S.C. § 1920(6)................................... 11, 15, 16, 17

Rules

Fed. R. Crim. P. 16(a)(1)(B)...................................... 13

**TABLE OF GOVERNMENT EXHIBITS**

| Exhibit | Description | Cite |
|---------|-------------|------|
| A | Government Spreadsheet of Bill of Costs | pp. 3, 4 |
| B | Leidos Email Correspondence re: Casino Loyale Hosting Volumes and Costs | p. 3 |
| C | Ben Hyatt Invoices | p. 4 |
| D | Court Reporter Invoices | p. 4 |
| E | Interpreter Invoices and Vouchers | p. 5 |
| F | Government Staff Email Correspondence re: Expense for Witness | p. 5 |

**GOVERNMENT'S MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

As set forth in its sentencing position, the government seeks an order imposing the costs of prosecution onto defendant Shen Zhen New World I, LLC ("defendant" or "SZNW") under 28 U.S.C. § 1918.  (Dkt. No. 895.)  On January 12, 2023, the Court issued an order for the parties to meet and confer and to "agree on the costs of prosecution that should be ordered by the Court."  (Dkt. No. 904.)

In order to prosecute this lengthy, complex, and significant public corruption case against defendant, including for the government to provide all discoverable evidence to defendant in an organized and convenient format, litigate defendant's various motions, and prepare for--and ultimately convict defendant at--trial, the government actually incurred costs of at least **$204,759.98**.  And despite requesting and receiving the voluminous discovery in this case, tasking the government time and time again with identifying specific evidence and exhibits in the database, vigorously litigating the case against the government for years, and defending this case at trial, the defense takes the unreasonable, absurd, and legally unsupported position that it owes a mere **$120** for the costs of this years-long public corruption prosecution of billionaire Wei Huang and his domestic LLC.

Because the government is entitled to its costs of prosecution, as supported by the concurrently filed declaration and exhibits, the Court should order SZNW to pay the government's requested amount of **$204,759.98,** a portion for which SZNW may be jointly and severally liable with any other co-defendant for whom the Court orders to pay overlapping costs of prosecution.

## II.   RELEVANT FACTS

### A.   The Government's Costs of Prosecution

To prosecute this case against defendant, the government, in fact, incurred costs of at least $204,759.98.  These costs fall into five categories: (1) hosting the database management system housing the voluminous evidence and discovery in this case; (2) the translations and transcriptions of documents and recordings involving SZNW; (3) the transcripts of court hearings involving SZNW and the trial proceedings; (4) the interpreters necessary for witness preparation and testimony during the SZNW trial; and (5) the cost of witness travel for the SZNW trial.

#### 1.   Database Management System: $178,003.64

The federal investigation in this case, Operation Casino Loyale, kicked off in 2015, following a tip to the FBI from a Las Vegas casino reporting that Councilmember Jose Huizar had been in Las Vegas with SZNW Chairman and billionaire owner Wei Huang.  From the beginning, defendant was a primary focus in the investigation, and the government spent years and many resources investigating and developing the evidence to prove the L.A. Grand Hotel Bribery Scheme, which was longstanding and substantial.

By 2019, it became necessary to manage and organize through a database the incredibly voluminous discovery and evidence against defendant and others in Operation Casino Loyale.  Accordingly, beginning in October 2019, the government employed a vendor, Leidos, to host a document management system, Relativity, for this case.  Almost all of the discovery for the Casino Loyale case, including over 2 million pages of written documents and nearly one thousand audio recording files, has been housed in that database.

Following the filing of the First Superseding Indictment ("FSI") in November 2020 (Dkt. No. 74), the government through the database provided defendant with the voluminous evidence and discovery for SZNW's own preparation of the case and defense.  It is only through this database that the government was able to prosecute this case against defendant, including, but not limited to, fulfilling its discovery obligations and meeting defendant's discovery requests; answering defense counsel's many inquiries over the years about the evidence and identifying where certain evidence was located; identifying the supporting evidence for each of the overt acts and counts of the FSI for the defense; preparing for witness interviews; preparing witnesses for their trial testimony; and preparing all the trial exhibits against SZNW.  This database was likely the single most important and necessary organizational resource and tool that enabled this prosecution.

*Costs.*  The USAO for the Central District of California has incurred a total cost of **$178,003.64** to pay Leidos to maintain the Casino Loyale database from November 2020 (when defendant was charged)[1] to November 2022 (when defendant was convicted at trial). (Har Decl. ¶ 6, Ex. B.)  The amount is based on the total volume of data in Gigabytes (GB) that the Casino Loyale workspace employed each month.  (Id.)

The costs paid for Leidos to host the Casino Loyale database reflects the single largest cost that the government seeks to recover from defendant.  (See Har Decl. ¶ 5, Ex. A at 1.)

---

[1] The investigation into defendant began approximately five years earlier, but the government is not seeking to utilize that date for purposes of prosecution cost recovery.

2.   <u>Translations and Transcriptions: $17,050.28</u>

To prosecute the case against defendant, and to prepare for trial, the government had various documents, including text messages, and recorded calls translated from Chinese (both Mandarin and Cantonese) to English.  These documents and recordings directly related to SZNW, involving its agents like Wei Huang, Virginia Clark, and Ricky Zheng.  In preparation for trial, the government also transcribed English recordings directly related to SZNW to prepare verbatim transcripts for what would become its synced audio exhibits (with a scrolling transcript).  These translations and transcripts were provided to the defense.

In order to prepare these items, the government used an outside contractor, Ben Hyatt Certified Deposition Reporters.  (Har Decl. ¶ 7, Ex. C.)  The costs for the translations (Chinese to English) was $15,436.88.  (<u>Id.</u>; see also Ex. A at 3.) The costs for the English transcriptions of English recordings was $1,613.40.  (<u>Id.</u>)  The total costs incurred for Ben Hyatt's services was **$17,050.28.**  (<u>Id.</u>)

3.   <u>Court Transcripts: $3,741.06</u>

Also as part of its prosecution, the government paid to receive transcripts of the court hearings and trial proceedings directly related to SZNW.  These transcripts were necessarily obtained for the government to review and implement the Court's various orders and rulings, including on pre-trial motions and motions in limine, that were issued during the hearings and to prepare as the trial was ongoing.  They were also used to efficiently and accurately present the government's case to the jury.  The total cost for the court transcripts relating to SZNW that the government paid is **$3,741.06.** (Har Decl. ¶ 8, Ex. D.)

4

### 4.   Witness Interpreters: $5,845

Three witnesses (all of defendant's agents) who testified at SZNW's trial required interpreters or stand-by interpreters: Li Chen, Ricky Zheng, and Yan Yan.  The government paid interpreters for this purpose, both for witness preparation and for trial.

The actual cost incurred by the government for the interpreters for SZNW's trial preparation and trial is **$5,845.00**.  (Har Decl. ¶ 9, Ex. E.)

### 5.   Witness Travel: $120

Finally, the government incurred actual costs to enable a witness, Harris Chan (another agent of defendant), to testify at trial.  In fact, the government incurred an actual cost of $3,405.60.[2]  (Har Decl. ¶ 10, Ex. F.)

However, in the interest of meeting and conferring in good faith with the defense, and to minimize disputes where possible in compliance with the Court's order, the government offered to stipulate to the substantially reduced amount of just **$120,** which reflects what Mr. Chan's standard mileage and parking reimbursement would have been from his residence in Orange County.  (Har Decl.

---

[2] At the time that Mr. Chan was subpoenaed to testify at the SZNW trial, he had already booked non-refundable airfare tickets to travel to Hong Kong to visit and care for his ailing and elderly mother.  Mr. Chan, along with his other siblings, was scheduled to be overseas for this purpose for approximately two months, and that schedule directly conflicted with the entirety of the planned duration of the SZNW trial.  Because Mr. Chan would need to forfeit this airfare and incur substantial costs to reschedule his booked trip exclusively to testify in the trial, the government was able to obtain authorization to pay--and did pay--to offset that cost so that Mr. Chan could cancel and rebook his flight for after his trial testimony.  Defense counsel objected to covering the costs of the government's magnanimity and asserted the government simply could have compelled Mr. Chan's attendance via subpoena without regard to the disruption to his pre-paid family travel and the associated costs.

¶ 10.)  Emblematic of the extreme position taken by defendant on this statutorily permitted consequence of its convictions, this $120 amount for Mr. Chan's travel to the trial is the only cost of prosecution to which the defense stipulates and agrees to pay.

**III.  LEGAL STANDARD**

"Whenever any conviction for any offense not capital is obtained in a district court, the court may order that the defendant pay the costs of prosecution."  28 U.S.C. § 1918(b); see also U.S.S.G. § 8E1.3.  The statute of conviction need not specifically authorize costs of prosecution.  United States v. Gering, 716 F.2d 615, 626 (9th Cir. 1983) (explaining that "[o]ther circuits have generally upheld imposing costs of prosecution under 28 U.S.C. § 1918(b) on defendants convicted under a variety of substantive criminal statutes, none of which specifically authorize costs of prosecution" and collecting cases).

"A court has discretion to order a convicted defendant in a noncapital case to pay the costs of prosecution."  United States v. Patel, 762 F.2d 784, 795 (9th Cir. 1985); id. at 796 (finding no abuse of discretion in "trial court's decision to assess costs, nor in the amount that was actually assessed" and noting that "[t]he trial court was in a better position than [the appellate court] to determine whether costs should fairly be charged against Patel"); see also United States v. Pommerening, 500 F.2d 92, 101 (10th Cir. 1974) ("The judicial rule developed pursuant to 28 U.S.C. § 1918(b) and its predecessors is that the taxing of costs in a criminal case is discretionary with the district court.").  Costs are allowed "as long as the items of cost are authorized by the statutes and are imposed only on non-indigent defendants in a non-discriminatory manner."

6

_Gering_, 716 F.2d at 626 (affirming costs assessed as allowable under 28 U.S.C. §§ 1821 and 1920).  The Ninth Circuit has rejected any "reasonable and necessary" standard for the costs of prosecution; rather, actually incurred costs of prosecution should be awarded, excluding only costs associated exclusively with acquitted counts.  _United States v. Bussell_, 504 F.3d 956, 968 (9th Cir. 2007) (rejecting defense argument that only "reasonable and necessary" costs for prosecution can be assessed).  Because defendant was convicted of every single charged count, there is no concern here over excluding costs for acquitted counts.

Section 1920 provides that a judge of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

**IV.   ARGUMENT**

The government is entitled to the actual costs it incurred to prosecute this case against SZNW (and the stipulated cost of $120 for

7

Harris Chan to testify), all of which are allowable under 28 U.S.C. § 1920.

### A. The Cost of the Casino Loyale Database from November 2020 to November 2022 Should Be Assessed

The Court should order SZNW to pay **$178,003.64** for the cost of the Leidos-hosted Casino Loyale database from November 2020 to November 2022. As explained above, this was a crucial and important resource that the government used in its prosecution against SZNW. That database is what enabled the government to manage and provide all the discovery in this case to the defense, prepare witnesses and trial exhibits, and maintain its documentary and electronically recorded transcripts. For this reason, these costs are allowable under § 1920, subsections (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.

In particular, the electronic database was how the government provided copies of all the discovery and evidentiary materials to defendant, which was <u>vastly</u> more convenient for the defense and enabled it to review and organize the evidence in the case more effectively. Of course, had the government instead relied on hard copies for its own counsel and defense counsel, there would be no question that such printing fees would be recoverable as a cost of prosecution.[3] That the government chose to use a <u>cheaper</u>, more

---

[3] Indeed, multiple hard copies of all the discovery in this case would have been needed to be copied and printed for government counsel, defense counsel, and defendant's representatives. Per the FedEx website, the cost to print one single-sided, black and white
*(footnote cont'd on next page)*

efficient, and electronic document management system in the 21st century should not preclude it from recovering this cost of prosecution that was actually incurred.

Under the circumstances, it is also appropriate to impose o defendant the government's cost of hosting the Casino Loyale database limited to the date range of November 2020 (the date defendant was charged) through November 2022 (the date defendant was convicted). The evidence against SZNW, relative to many of the other defendants, accounted for a very substantial portion of the contents in the database--the monthly cost of which depended on the volume of data housed each month.  The L.A. Grand Hotel bribery scheme was the impetus for this investigation and ultimately reflected one of the most significant portions of the charged RICO scheme and of this prosecution, and some of the supporting evidence--such as the surveillance from the Las Vegas casinos--accounts for disproportionately large portions of the monthly Gigabyte allotment. If the total amount of hosting the database were to be simplistically divided across, for example, the total number of charged defendants, this would drastically understate the costs incurred for the database directly as a result of the government's prosecution against this defendant and disproportionately overstate costs to less involved defendants.

More importantly, the defense requested and received all the evidence in the discovery from the database.  And in many instances, even evidence that is not directly against SZNW is inextricably

page is $0.19. https://www.office.fedex.com/default/copies.html.  To print one single-sided page in color is $0.62.  Printing even one set of the over 2 million pages of just the written documents in discovery would have likely cost $380,000 (for a black and white copy) and $1.24 million (for a color copy).

9

intertwined.  For example, a recorded wire call or FBI interview relating to George Esparza or Raymond Chan might and often did cover SZNW and Wei Huang, but then also veer into other topics, like Hazens or 940 Hill.

Prosecuting SZNW required the government to incur the costs of paying Leidos to host the Casino Loyale database.  Accordingly, SZNW should pay those costs.  Should the Court impose the same or overlapping costs of prosecution for the database on subsequent defendants, joint and several liability can be imposed.  Accord <u>United States v. Fowler</u>, 794 F.2d 1446, 1450 (9th Cir. 1986) ("The courts have stated that where defendants are tried jointly and costs are assessed, each convicted defendant is charged with the entire cost, though only one payment may be enforced.  Here, Fowler and his wife were tried jointly and he was convicted.  The government is therefore entitled to recover the full costs of Fowler's successful prosecution, notwithstanding his wife's acquittal.").

**B.   The Cost of the Translations and Transcripts Should Be Assessed**

Defendant should pay **$17,050.28** for the Chinese-to-English translations and English transcripts that were prepared by BenHyatt for the trial against SZNW.

Of that amount, $15,436.88 was for the translations.  This cost is recoverable under subsection (6)--compensation of interpreters. 28 U.S.C. § 1920.  The other $1,613.40 for the English transcripts is recoverable under subsection (2)--fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

This amount should be assessed.

### C.   The Cost of the Court Transcripts Should Be Assessed

Defendant should pay **$3,741.06** for transcripts for the court hearings and trial proceedings in this case.

This cost is recoverable as fees for printed or electronically recorded transcripts necessarily obtained for use in the case.  28 U.S.C. § 1920(2).  The transcripts for court hearings were critically important for the government, as they contained the Court's various orders and rulings that governed the case against SZNW.  At times, defendant would also cite back to these transcripts in its pre-trial motion litigation.  The transcripts of the trial proceedings were also necessarily obtained for use in the case, as government counsel reviewed them in preparing for the closing and rebuttal arguments to ensure counsel made only accurate legal and factual assertions, as well as throughout trial to prepare for both government and defense witnesses.

### D.   The Cost of the Witness Interpreters Should Be Assessed

The Court should also order defendant to pay **$5,845** for the witness interpreters.  Like the translations by Ben Hyatt, compensation of interpreters is an allowable cost under the statute. 28 U.S.C. § 1920(6).  The government actually paid these costs for interpreters for three witnesses--all of whom were defendant's agents and who testified at the trial: Li Chen, Ricky Zheng, and Yan Yan.

### E.   The Cost of Witness Travel Should Be Assessed

Finally, as stipulated by the defense, defendant should pay the substantially reduced **$120** amount for Harris Chan's travel to testify at the SZNW trial.  This cost is allowable under subsection (2) as fees for witnesses.  28 U.S.C. § 1920.

11

**V.    CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court order defendant to pay **$204,759.98** for the costs of prosecution for which the Court can further hold SZNW jointly and severally liable with any other co-defendant for whom the Court orders to pay any overlapping costs of their prosecution.

<u>**DEFENDANT'S MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**1.    SZNW objects to an assessment of $178,003.64 for "discovery management" as a cost of prosecution.**

The government seeks an order requiring SZNW to pay $178,003.64 for "discovery management" as a cost of prosecution. The government advises that it paid this amount to a private vendor (Leidos) to host some electronic discovery materials accumulated during the pre-indictment investigations, the pre-indictment resolutions, and the criminal prosecutions arising out of the "Casino Loyale" investigations. SZNW objects for two reasons.

While the court "may order that [a convicted, non-capital defendant pay the costs of prosecution," 28 U.S.C. § 1918(b), "the items of cost [must be] authorized by the statutes …." *United States v. Gering*, 716 F.2d 615-626 (9th Cir. 1983). Section 1920 of Title 28, which defines the items that may be taxed as costs of prosecution, does not include "discovery management" costs. Such costs are not akin to printing or copying costs which are statutorily authorized. *See* 28 U.S.C. § 1920(3) ("[f]ees and disbursements for printing and witnesses"); 28 U.S.C. § 1920(4) ("[f]ees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case").

The government is required to make discovery "available for inspection, copying, or photographing…." Fed. R. Crim. P. 16(a)(1)(B). In this case, the government maintained at least some of the discovery materials that it later produced on a cloud-based server operated by a private vendor.[4] Defense counsel understands that the $178,003.64 that the government now seeks to tax as a cost

---

[4]    At a hearing on September 20, 2021, government counsel advised that the government utilized *three* databases for its discovery, one maintained by the FBI, one maintained by the U.S. Attorney's Office, and "a third-party vendor in South Carolina … that carries additional documents."  RT 9/20/21: 38. Although SZNW is not aware of the need for the government to utilize a private vendor for a third database, SZNW should not be required to pay for it.

13

of prosecution is the *server* paid to the private vendor in monthly fees (through November 2022) and that the fees were calculated based on the quantity of electronic data that was uploaded to the server. In short, the private vendor served as a partial discovery repository for the government. SZNW was required to retain its own private vendor to download the electronic discovery (at a substantial cost to SZNW), and the government did not incur any additional costs by SZNW obtaining a copy of the discovery.

The Local Rule governing costs that the Court may order makes clear that the "discovery management" may not be ordered as a cost of prosecution. This Rule provides as follows:

> Only costs associated with copying documents or reproducing other material for actual use in the case are allowed. *Costs incurred for the convenience of counsel or as prefatory steps in the discovery process before copying documents for actual production are not recoverable.*

Local R. 54-3.10 (emphasis added). This Rule applies in criminal cases. *See* Local Crim. R. 57-1 ("When applicable directly or by analogy, the Local Rules of the Central District of California shall govern the conduct of criminal proceedings before the District Court, unless otherwise specified.").

Here, and in most cases with large amounts of electronic discovery, the government provided defense counsel with a copy of the discovery by uploading it on to portable hard drives that were purchased and provided by the defense.[5] For unknown reasons, the government spent $178,003.64 to manage some of the accumulated evidence on a cloud-based server operated by a private vendor. The cost of doing so is not a "[f]ee[] [or] disbursements for printing" nor a "cost[] of making copies," and is therefore not an authorized cost of prosecution for which SZNW may be ordered to pay. 28 U.S.C.

---

[5]   A portable hard drive that holds one terabyte of data typically costs less than $100.

§§ 1920(3), 1920(4); Local R. 54-3.10; Local Crim. R. 57-1.

Second, even if fees paid to a private vendor for "discovery management" could be passed on to a convicted defendant, all $178,003.64 are not properly taxed to SZNW. Government counsel, government agents, and counsel in the various cases arising from the "Casino Loyale" investigation "benefited" equally from the private server. While SZNW is not privy to all of the targets and subjects of the "Casino Loyale" investigations, there are over a dozen publicly-known persons or entities that were targeted or prosecuted.[6] Any order requiring SZNW to pay the government's "discovery management" costs for having a private vendor host evidence on a cloud-based server should be pro-rated based on the total number of persons or entities targeted, prosecuted, or "benefitting" from these materials.

**2.    SZNW objects to $17,050.28 for "translations and transcriptions" as a cost of prosecution.**

The government seeks an order requiring SZNW to pay $17,050.28 for "translations and transcriptions" which SZNW understands is the amount the government paid to a private vendor (Ben Hyatt) to transcribe and translate Chinese-language audio recordings, text messages, and emails that the government obtained during its investigation. SZNW objects because this cost is not a statutorily authorized cost of prosecution and, even if it were, the cost should be pro-rated among the affected defendants.

"[C]ompensation of interpreters, and salaries, fees, expenses, and costs of specific interpretation services under section 1828 of … title [28]" may be taxed as a cost of prosecution. 28 U.S.C. § 1920(6). However, the Local Rules limit interpreter's fees that may

---

[6] The known persons or entities other than SZNW who were prosecuted arising out of the "Casino Loyale" investigation are as follows: (1) Jose Huizar, (2) Raymond Chan, (3) Wei Huang, (4) Dae Lee, (5) 940 Hill, LLC, (6) George Esparza, (7) George Chiang, (8) Salvador Huizar, (9) Mitchell Englander, (10) Andy Wang, (11) Hazens (and their principals), (12) Carmel Partners (and their principals), (13) Justin Kim, and (14) Morris Goldman.

15

be taxed as costs to "[r]easonable fees, expenses, and costs paid to interpreters for interpretation or oral translation services *provided at any court proceeding or deposition ….*" Local R. 54-3.7; Local Crim. R. 57-1. Therefore, any fees the government paid to interpreter to transcribe and translate Chinese-language audio recordings and documents, or to interpret witness interviews during the government's trial preparation are not costs of prosecution that may be assessed to SZNW under 28 U.S.C. § 1920(6).

"Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" may be taxed as a cost of prosecution. 28 U.S.C. § 1920(2). However, the Local Rules limit the cost of transcripts that may be taxed as costs to transcripts of court proceedings and, only then, if the cost is approved by the court or stipulated to by the parties before it is incurred. Local R. 54-3.4; Local Crim. R. 57-1. Therefore, costs to translate and transcribe Chinese-language audio recordings, text messages, and emails are not authorized costs of prosecution under 28 U.S.C. § 1920. Additionally, the government's failure to obtain court approval or a stipulation before incurring these costs precludes it from assessing these costs to SZNW. Local R. 54-3.4; Local Crim. R. 57-1.

Finally, even if this cost could be assessed to a convicted defendant as a cost of prosecution, the amount sought by the government reflects the cost incurred by the government to prosecute all defendants. Any order requiring SZNW to pay such cost should be limited to its pro-rata share.

**3.    SZNW objects to $3,883.06 for "hearing/trial transcripts" as a cost of prosecution.**

The government seeks an order requiring SZNW to pay $3,883.06 for "hearing/trial transcripts" which SZNW understands is the amount that the government paid to court reporters for hearing and trial

transcripts.[7] SZNW objects because the governing Local Rule disallows such cost unless the party seeking it obtains court approval or a stipulation prior to incurring the cost. Local R. 54-3.4; Local Crim. R. 57-1. Even if the governing Local Rule did not disallow such cost, it should be pro-rated among the affected defendants.

**4.   SZNW objects $5,845 for "witness interpretation" as a cost of prosecution.**

The government seeks an order requiring SZNW to pay $5,845.00 for "witness interpretation" which SZNW understands is the amount the government paid to interpreters during its trial preparation. SZNW objects because this cost is not a statutorily authorized cost of prosecution and, even if it were, the cost should be pro-rated among the affected defendants.

"[C]ompensation of interpreters, and salaries, fees, expenses, and costs of specific interpretation services under section 1828 of … title [28]" may be taxed as a cost of prosecution. 28 U.S.C. § 1920(6). However, the governing Local Rule limits interpreter's fees that may be taxed as costs to "[r]easonable fees, expenses, and costs paid to interpreters for interpretation or oral translation services *provided at any court proceeding or deposition* …." Local Civ. R. 54-3.7; Local Crim. R. 57-1. Therefore, any fees the government paid to interpreter to interpret witness interviews during the government's trial preparation are not costs of prosecution that may be assessed to SZNW. Even if such costs were not disallowed by the governing Local Rule, the costs should be pro-rated among the affected defendants.

---

[7]    Although the government lists various days of SZNW's trial, it also includes three pretrial proceedings involving all defendants that occurred on January 31, 2022, March 7, 2022, and June 30, 2022.

17