UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CRIMINAL MINUTES</u>

Case No.   **CR 20-326(A)-JFW**                                    Dated: May 10, 2023

========================================================================

PRESENT:   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present | Mack E. Jenkins |
|---|---|---|
| Courtroom Deputy | Court Reporter | Susan S. Har |
| | | Cassie D. Palmer |
| | | Brian R. Faerstein |
| | | Asst. U.S. Attorney |
| | | Not Present |

========================================================================

U.S.A. vs (Dfts listed below) - Not Present          Attorneys for Defendants - Not Present

4)   Shen Zhen New World I, LLC          4)   Richard M. Steingard, Retained
                                              Craig Wilke, Retained

_____

PROCEEDINGS (IN CHAMBERS):          **ORDER DENYING DEFENDANT SHEN ZHEN NEW
                                    WORLD I, LLC'S MOTIONS FOR JUDGMENT OF
                                    ACQUITTAL, OR ALTERNATIVELY, A NEW TRIAL
                                    [filed 3/13/2023; Docket No. 995]**

On March 13, 2023, Defendant Shen Zhen New World I, LLC ("Defendant" or "SZNW") filed Motions for Judgment of Acquittal, or Alternatively, a New Trial.  On April 21, 2023, Plaintiff United States of America (the "Government") filed its Opposition. SZNW did not file a Reply. The Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for May 12, 2023 is hereby vacated and the matter taken off calendar. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

I.     **FACTUAL & PROCEDURAL BACKGROUND**

On November 10, 2022, a jury found Defendant SZNW guilty on all eight counts alleged against it in the First Superseding Indictment: three counts of honest services wire fraud in violation of 18 U.S.C. §§ 1343 and 1346 (Counts 2-4); four counts of interstate and foreign travel in aid of bribery in violation of 18 U.S.C. § 1952(a)(3) (Counts 18-21) (the "Travel Act Counts"); and one count of bribery concerning programs receiving federal funds in violation of 18 U.S.C. § 666(a)(2) (Count 23).

On November 10, 2022, after the jury was discharged, SZNW orally moved for a judgment of acquittal on all counts under Federal Rule of Criminal Procedure 29, or in the alternative, a new trial under Federal Rule of Criminal Procedure 33.  Trial Tr. 2386-87.  The Court denied the motions, but allowed SZNW to file its written motions at a later date.  Accordingly, SZNW filed the instant Motions for Judgment of Acquittal, or Alternatively, a New Trial.

## II.   MOTION FOR JUDGMENT OF ACQUITTAL

### A.   Legal Standard

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim P. 29(a).  In reviewing a post-conviction challenge to the sufficiency of the evidence, the Court must perform a two-step analysis:  "First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution."  *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).  "Second, after viewing the evidence in the light most favorable to the prosecution, the reviewing court must determine whether this evidence, so viewed, is adequate to allow '*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt.'"  *Id.* (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

During the first step, the Court "may not usurp the role of the finder of fact by considering how it would have resolved the conflicts, made the inferences, or considered the evidence at trial." *Nevils*, 598 F.3d at 1164.  "Rather, when 'faced with a record of historical facts that supports conflicting inferences' a reviewing court 'must presume -- even if it does not affirmatively appear in the record -- that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution.'" *Id.* (quoting *Jackson*, 443 U.S. at 326).  During the second step, "a reviewing court may not 'ask itself whether *it* believes that the evidence at trial established guilt beyond a reasonable doubt', only whether '*any*' rational trier of fact could have made that finding." *Nevils*, 598 F.3d at 1164 (quoting *Jackson*, 443 U.S. at 318-19) (internal citations omitted).

### B.   Discussion

SZNW moves for judgment of acquittal on the following grounds: (1) the evidence was insufficient to establish a quid pro quo as required by the federal bribery statutes; (2) the evidence with respect to Count 2 was insufficient to establish that the claimed violation "affected at least one financial institution; (3) the California bribery statutes at issue cannot serve as predicates for the Travel Act offenses; (4) the Travel Act is unconstitutional; and (5) 18 U.S.C. § 666 is unconstitutional.[1]

The Court rejects each of these arguments and concludes that the Government presented overwhelming evidence at trial that SZNW committed each of the offenses charged against it in the

---

[1]SZNW also argues, in conclusory fashion, that "[t]he honest-services statute is unconstitutional in all applications, and [*Skilling v. United States*, 561 U.S. 358 (2010)] should be overruled," but recognizes that this Court lacks the authority to overrule *Skilling.* Motion at 5.  The Court need not address this argument.

First Superseding Indictment.  For example, the Government presented evidence that: (1) in 2010, Chairman Wei Huang, the sole owner of SZNW, purchased the L.A. Grand Hotel intending to redevelop that property, *see, e.g.,* Trial Tr. 1503-05; Gov. Exs. 9, 11; (2) as early as 2013, Huang learned and understood that Huizar, the councilmember overseeing the district in which the L.A. Grand Hotel was located and the Chair of the PLUM Committee, had significant power to help or hinder Huang's plans to redevelop the L.A. Grand Hotel, Trial Tr. 496-97, 758-60, 1565-67; (3) with this knowledge, Huang provided Huizar over $200,000 in gambling chips between 2013 and 2017 and provided $600,000 in collateral to East West Bank in 2014 so that Huizar could settle a sexual harassment lawsuit, *see* Trial Tr. 177-81, 763-73, 779-96, 827-832, 1518-1527, 1548-58, 1737-38; Gov. Exs. 241-48, 471; (4) after Huang expressed that the redevelopment of the L.A. Grand Hotel was his biggest priority, Councilman Huizar told Huang that Huang could "go as high as he wants . . . as far as floors" and that if any motions needed to be passed or rezoning needed to occur, Huizar, as the chair of PLUM, "could make that happen," *see* Trial Tr. 869-70; (5) Huang and Huizar used a foreign shell corporation to route the $600,000 to East West Bank in an attempt to hide the transaction, *see* Trial Tr. 834-47, 1548-58; Gov. Ex. 472; and (6) after learning of the FBI's investigation, Huang fled to China, *see* Trial Tr. 1577-80.  Viewed in the light most favorable to the prosecution, this evidence, along with all of the other evidence presented at trial, was more than sufficient to permit a rational trier of fact to find the essential elements of each of the crimes beyond a reasonable doubt as set forth in the Court's Jury Instructions (Docket No. 812).[2]

In essence, rather than challenging the sufficiency of the evidence, SZNW's motion for judgment of acquittal primarily seeks reconsideration of the Court's prior rulings on the jury instructions and the constitutionality of the statutes.  These arguments are not properly raised in a Rule 29 motion for judgment of acquittal.  *See United States v. Crowe*, 563 F.3d 969, 973 n.5 (9th Cir. 2009) ("A Rule 29 motion for judgment of acquittal, however, is not the proper vehicle for raising an objection to jury instructions."); 2A Charles A. Wright, Federal Practice and Procedure: Criminal § 466, at 299 (3d ed. 2000) ("There is only one ground for a motion for judgment of acquittal. This is that the evidence is insufficient to sustain a conviction.").

In any event, the Court incorporates and adopts its prior rulings on each of the issues raised by SZNW:

(1)     With respect to SZNW's argument that "the  government must establish a genuine quid pro quo: an agreed upon exchange where a public official provides a specific official act for a private benefit," *see* Motion at 2, the Court incorporates and adopts its ruling on the parties' proposed jury instructions, *see* Trial Tr. 2127-2128, as well as its ruling at the Final Pretrial Conference on October 21, 2022, *see* 10/21/22 Hr'g Tr. at 33-41.  Based on these rulings, in its final instructions to the jury after closing arguments, the Court correctly instructed the jury that, for honest services wire fraud, the government must prove beyond a reasonable doubt, among other things, that "the scheme or plan consisted of financial benefits that defendant provided intending, at the time, to receive in exchange at least one official act by Jose Huizar in

---

[2]Prior to the jury's deliberations, the Court instructed the jury on the elements of each form of bribery, as set out in Docket No. 812, in Court's Instruction Nos. 19 (honest services wire fraud), 21 (bribery under the Travel Act), and 22 (federal program bribery).

connection with the approval of the redevelopment of the L.A. Grand Hotel." Jury Instructions (Docket No. 812) at Court's Instruction No. 19.  The Court correctly did not instruct the jury that the government was required to prove a quid pro quo mutual agreement or identify a specific official act for the honest services wire fraud counts or the other bribery offenses.

(2)    With respect to SZNW's argument that the evidence on Count 2 was insufficient to establish that the claimed violation "affected at least one financial institution," Motion at 4-5, the Ninth Circuit has held, and this Court has recognized, that a "new or increased risk of loss to financial institutions" -- even in the absence of actual loss -- is sufficient to establish that the wire fraud affected a financial institution for statute of limitations purposes. *United States v. Stargell*, 738 F.3d 1018, 1022–23 (9th Cir. 2013); 1/7/22 Hr'g Tr. at 33-34; 10/17/22 Hr'g Tr. at 75-78; Trial Tr. at 2133.  SZNW contends that the "mere specter of criminal forfeiture of a loan's collateral" is not sufficient to demonstrate a new or increased risk of loss. Motion at 5.  Based on the evidence presented at trial, the Court rejects SZNW's argument.  As FBI Special Agent Civetti testified, the FBI in this case considered initiating forfeiture proceedings against the $600,000 in collateral provided to East West Bank (but ultimately decided not to initiate forfeiture proceedings because the loan had already been "collapsed"). Trial Tr. 450-51.  In addition, East West Bank representative Peggy O'Donovan testified that, in the event that collateral for a loan becomes subject to either civil or criminal forfeiture proceedings, in-house attorneys or outside counsel hired by the bank assist it in dealing with the forfeiture litigation, including by filing a claim to recoup the collateral. Trial Tr. 1272-74. She testified that those actions require the bank to expend time, effort, and resources that would otherwise be spent on normal day-to-day banking operations.  Trial Tr. at 1273. The Court concludes that this evidence was more than sufficient for a rational jury to find that the scheme to defraud affected at least one financial institution, i.e., exposed a financial institution to a new or increased risk of loss.

(3)    With respect to SZNW's argument that the California bribery statutes at issue cannot serve as predicates for the Travel Act offenses, the Court incorporates and adopts its ruling on SZNW's motion to dismiss Counts 18-21 of the First Superseding Indictment.  *See* 1/7/22 Hr'g Tr. at 59-72.  The Court concluded that the California statutes "fall comfortably within the generic federal definition of bribery as it existed in 1961." *Id.*  at 71:6-7.

(4)    With respect to SZNW's argument that the Travel Act is unconstitutional, the Court incorporates and adopts its ruling on SZNW's motion to dismiss the Travel Act Counts. *See* 1/7/22 Hr'g Tr. at 67-68, 80.  As the Court concluded, "the generic term 'bribery' has had a fairly consistent meaning from the 1960s through today as demonstrated by the unchanged definition in the Model Penal Code since 1962.  As such, the Court finds that the term is not unconstitutionally vague and that reference to generic bribery [in] the . . . Travel Act . . . statute does not violate the separation powers or the due process clause." *Id.* at 80:11-18.  The Court also rejected SZNW's arguments that the Government's interpretation of the Travel Act implicated the same constitutional concerns raised in *McDonnell v. United States*, 579 U.S. 550, 576-77 (2016). *Id.* at 67:1-68:17.

Initials of Deputy Clerk  _sr_

(5) With respect to SZNW's argument that 18 U.S.C. § 666 is unconstitutional, the Court incorporates and adopts its ruling on SZNW's motion to dismiss, *see* 1/7/22 Hr'g Tr. at 75-80 and its ruling on Defendants 940 Hill, LLC and Dae Yong Lee's Motion to Strike Language From Count 25 filed on December 29, 2021, *see* Docket No. 324.

For the foregoing reasons, and for the reasons stated in the Government's Opposition, SZNW's Motion for Judgment of Acquittal is denied.

## III. MOTION FOR NEW TRIAL

### A. Legal Standard

Federal Rule of Criminal Procedure 33(a) provides: "Upon the defendant's motion [for a new trial], the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). As the Ninth Circuit has stated:

> A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal. The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*United States v. A. Lanoy Altson*, 974 F.2d 1206, 1211-12 (9th Cir. 1992) (citations and quotations omitted). A motion for a new trial should only be granted in exceptional cases, *see United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981), and "only when it appears that an injustice has been done," *United States v. Sanchez*, 969 F.2d 14209, 1414 (2nd Cir. 1992).

To determine whether a new trial is warranted because of an alleged error in jury instructions, the Court must decide "whether the instructions—taken as a whole and viewed in the context of the entire trial—were misleading or confusing, or inadequately guided the jury's deliberations, or improperly intruded on the fact finding process." *United States v. Warren*, 25 F.3d 890, 898 (9th Cir. 1994). Thus, an instructional error does not automatically warrant a new trial; instead, the defendant must show that the error affects substantial rights. *See* Fed. R. Crim. P. 52(a); *United States v. Miller*, 953 F.3d 1095, 1103 (9th Cir. 2020).

### B. Discussion

SZNW requests a new trial on all counts pursuant to Federal Rule of Criminal Procedure 33, arguing that: (1) the Court's jury instructions included material errors; (2) the Court erroneously permitted the Government to introduce evidence that was "improper, irrelevant, and highly inflammatory," Motion at 12; and (3) the First Superseding Indictment was improperly amended.

1. <u>The Court's Jury Instructions did not include material errors.</u>

Specifically, SZNW argues that: (1) the Court's instructions failed to instruct that each of the

federal bribery statutes at issue require an agreed-upon *quid pro quo* that involves a particular official act, *see* Motion at 9; (2) the Court should have included such an instruction as to the Travel Act Counts in this case, based on the language of the First Superseding Indictment and the Government's prior representations, *see* Motion at 10;  (3) the Court failed to give the jury sufficient guidance about how to navigate the "amorphous concepts that underlie federal bribery law," *see* Motion at 10; and (4) the jury should have been instructed that the 2014 city council resolution honoring Wei Huang cannot constitute an official act, *see* Motion at 12.

As recognized by SZNW, these arguments "were all [previously] raised (and fell) before the Court." Motion at 9. The Court once again rejects each of these arguments and incorporates and adopts its previous rulings.  *See* Trial Tr. at 2127-2128 (holding that the Supreme Court's decision in *McDonnell* does not require identification of the specific or particular acts to be performed, but rather an identification of the particular question or matter to be influenced);  10/21/22 Hr'g Tr. at 33-37 (same); 10/21/22 Hr'g Tr. at 37-41 (holding that when the defendant is the alleged briber, an agreement by the public official is not needed); Trial Tr. at 2142 (holding that the California bribery statutes do not require an actual agreement or an actual exchange of bribes for an official act); Trial Tr. at 2145-46 (declining to give SZNW's proposed instruction regarding quid pro quo and "official act"); 1/7/22 Hr'g Tr. at 73:8-12 ("The Court does not believe that the allegations of the First Superseding Indictment are inconsistent with the elements of the California bribery statute or somehow raise the Government's burden with respect to those counts."); 1/7/22 Hr'g Tr. at 31 (holding that a City resolution honoring someone is indisputably an official act); 9/23/22 Hr'g Tr. at 26-27 (same).

Accordingly, based on the Court's prior rulings and for the reasons stated in the Government's Opposition, the Court concludes that the jury instructions did not include material errors.

### 2.    The Court did not commit evidentiary errors.

SZNW also contends that the Court: (1) improperly permitted the Government to introduce evidence regarding Huizar's "pay-to-play" scheme and independent crimes and bad acts (citing SZNW's Motion in Limine Nos. 1, 9, and 10); (2) erroneously denied SZNW's other motions in limine and permitted the government to introduce other inadmissible evidence (citing SZNW's Motion in Limine Nos. 2 through 8; Docket No. 702 re: Wei Huang's fugitive status; Docket No. 793 re: evidence of Henry Yong disbarment; and Trial Tr. 93, 145, 211 re: Agent Civetti's "understandings"); and  (3) improperly excluded testimony of Ricky Zheng regarding certain out-of-court statements by Wei Huang (citing Trial Tr. 1586-88).

SZNW concedes that the Court has already rejected these arguments.  *See* Motion at 13. The Court once again incorporates and adopts its prior rulings, and concludes that it did not commit evidentiary errors with respect to this evidence.  *See* 9/23/22 Hr'g Tr. at 7-118 (rulings on motions in limine); 10/21/22 Hr'g Tr. 44-49 (ruling on reference to Huang as a fugitive and Huang's flight and consciousness of guilt);  Trial Tr. 1849-51 (ruling on Henry Yong's disbarment); Trial Tr. 1642-43 (denying SZNW's request for reconsideration of ruling excluding Ricky Zheng's testimony regarding certain out-of-court statements by Wei Huang).  *See also United States v. Fontenot*, 14 F.3d 1364, 1371 (9th Cir. 1994) (quotations and citations omitted) *(*"The state-of-mind exception does not permit the witness to relate any of the declarant's statements as to why he held the particular state of mind, or what he might have believed that would have induced the state of

Initials of Deputy Clerk __sr_

mind.").  In any event, even if the Court erroneously admitted or excluded any evidence, SZNW fails to demonstrate that it was "substantially prejudiced" by the allegedly erroneous evidentiary rulings such that a new trial is warranted.  *Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995)

<div align="center">3.      <u>The First Superseding Indictment Was Not Improperly Amended</u>.</div>

Next, SNZW contends that the Court erred in granting the Government's *Ex Parte* Application for an Order Amending the First Superseding Indictment, in which the Government sought to correct errors that wrongly identified the California bribery statutes that SZNW violated by its conduct.  The Court disagrees and incorporates and adopts its detailed Order filed on October 19, 2022 (Docket No. 731).

Finally, SZNW contends that the Government "constructively amended the indictment when it changed its theory of the case at trial."  Motion at 15.  Specifically, SNZW characterizes Overt Act 68 as the "culminating" "big ask" from Huang to Huizar for the L.A. Grand Hotel redevelopment, and argues that, because the Government did not present evidence of this overt act, it amounted to a constructive amendment of the First Superseding Indictment.  For the reasons stated in the Government's Opposition (at 33-35), the Court rejects this argument.

Accordingly, SZNW's Motion for a New Trial is denied.

## IV.      CONCLUSION

For the foregoing reasons and for the reasons stated in the Government's Opposition, SZNW's Motions for Judgment of Acquittal, or Alternatively, a New Trial are **DENIED**.

Initials of Deputy Clerk __sr__