Ariel A. Neuman - State Bar No. 241594
   aneuman@birdmarella.com
Ray S. Seilie - State Bar No. 277747
   rseilie@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendants 940 Hill, LLC
and Dae Yong Lee

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,, <br><br> Plaintiff, <br><br> vs. <br><br> JOSE LUIS HUIZAR, et al., <br><br> Defendant. | CASE NO. 20-CR-0326-JFW <br><br> **DEFENDANT DAE YONG LEE'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT** <br><br> **[REDACTED VERSION]** <br><br> Assigned to Hon. John F. Walter |

3868118.1

Pursuant to Federal Rule of Criminal Procedure 32(f), Defendant Dae Yong Lee submits the following objections to the Presentence Investigation Report filed on May 27, 2023. Dkt. 1027.[1] Mr. Lee will address the Probation Officer's sentencing recommendation and related analysis, and his own position regarding sentencing, in his forthcoming sentencing brief.

**Paragraph 20** states that there is a "pending" modification of Mr. Lee's bond conditions. Pursuant to the parties' stipulation and this Court's order granting the same (Dkt. 1021, 1022), the referenced modification is no longer pending and is complete.

**Paragraph 66** describes Will Hong as "another individual" who attended Mr. Lee's probation interview. Mr. Hong is an attorney who serves as counsel for Mr. Lee and 940 Hill.

**Paragraph 95** describes a prior arrest from 1994 that did not result in charges against Mr. Lee. The report describes events from nearly three decades ago and is based entirely on hearsay, and the case was rejected by the district attorney. Given the age of this arrest as well as the lack of any reliable evidence that Mr. Lee actually engaged in the conduct described in the report, Mr. Lee objects to the inclusion of Paragraph 95 in the PSR and requests that it be stricken.

**Paragraph 116** states that Mr. Lee "reported that he became a naturalized United States citizen in 1997," but that immigration records state that he was naturalized on April 25, 2003. Mr. Lee's initial statement that he became a citizen in 1997 was made in error and without checking his records. After receiving the PSR, Mr. Lee checked his records and confirms that the April 25, 2003 date is accurate. His mistake was unintentional and should be noted as such.

---

[1]   These objections do not address the PSR's description of the offense conduct (i.e., Paragraphs 21 through 62). The Court has already adjudicated Mr. Lee's motion for acquittal and so Mr. Lee does not intend to revisit the factual allegations from the trial here.

1    **Paragraph 120** contains a lengthy description of Mr. Lee's family's home.

2  Mr. Lee does not object to the inclusion of the first four and last three sentences in

3  his paragraph, but objects to the remainder, which provides a lengthy description of

4  the various rooms of the house and their furnishings. That description is irrelevant

5  and gratuitous, and so should be stricken from the PSR. To the extent that

6  description is meant to convey Mr. Lee's wealth, it is redundant: Paragraphs 158

7  through 170 already describe Mr. Lee's finances in more detail. Moreover, as noted

8  in the PSR, Mr. Lee has is not contesting his ability to pay a fine up to the statutory

9  maximum. Mr. Lee therefore requests that everything except for the first four and

10  last three sentences in this paragraph be stricken.[2]

11

12

13

14

15

16

17

18

19  _____

    [2]   The paragraph should read:

20

21  Multiple in-person and virtual home visits have been conducted by Probation and
    Pretrial Services officers. On March 15, 2023, the Probation Officer conducted a

22  virtual home inspection with Soni. Lee and his son, David, are the additional
    residents, and they were present. The residence is a single-family, single-story

23  home, which is approximately 9,000 square feet. No firearms were reported in the
    residence and [there are] no other residents with criminal history. The family bought

24  the home approximately four years ago for approximately $7.4 million. They pay

25  approximately $20,000 per month for the mortgage.

26  [3]

27

28



1

2

3

4

5

6

7

8

9     **Paragraph 134** as written incorrectly conveys the substance of Mr. Lee's

10 statements regarding his 1989 DUI and subsequent changes in behavior. The

11 paragraph currently suggests that Mr. Lee continued to drive under the influence of

12 alcohol. But the entirety of Mr. Lee's statement, provided to the Probation Officer in

13 writing prior to his pre-sentencing interview and from which the quotes are taken,

14 confirms that he did *not* continue driving after drinking:

15         [I]n 1991, my recklessness caught up with me when I was

16         arrested for DUI. I felt ashamed and embarrassed but it did
little to change my habits. Thankfully, no one was hurt by

17         my mistake. While I no longer drove when I drank

18

19

20 This statement is corroborated by the absence of any subsequent DUI convictions in

21 the more than three decades since the conviction. Mr. Lee respectfully requests that

22 the entirety of this statement be included in the PSR so there is no suggestion that he

23 continued to drive after drinking.

24     **Paragraph 150** contains a list of "unnecessary or excessive" monthly

25 expenses. Mr. Lee objects to the characterization of these expenses as "unnecessary

26

27

28

or excessive." The "private schooling" expense is for his son's undergraduate tuition. Mr. Lee also respectfully submits that many of the listed expenses are necessities in modern life in Los Angeles, including internet fees, automobile leases, exterminator services, etc. Further, the charitable contributions in this list are for religious organizations: Mr. Lee regards those as part of his faith and as "necessary" as any other basic expense.

**Paragraph 162** indicated the Probation Officer did not receive information regarding "Love Culture," a business "Lee reported having a business in 2016 until present." Mr. Lee's omission of information regarding Love Culture was inadvertent, and he will provide that information to the Probation Office within seven days of this filing. The relevant entity is currently in bankruptcy proceedings with outstanding liabilities that exceed the value of its assets.

**Paragraph 166** references a trial stipulation—Trial Exhibit 61—which described cash that Mr. Lee kept in his offer "during the relevant period of the instant offenses." Mr. Lee objects to the inclusion of this stipulation in the section of the PSR regarding his current financial condition because the stipulation was limited to the "relevant period of the instant offenses"—i.e., 2017—and it is no longer accurate that he has access to that amount in cash.

**Paragraph 168** states that Mr. Lee "has sufficient assets that are liquid or he could liquidate to pay a fine of $750,000 immediately." Mr. Lee objects to the conclusion that he could pay this amount "immediately" (or within 30 days of the imposition of a fine without a payment schedule, as the PSR concludes in Paragraph 169). An order for immediate payment would require Mr. Lee to essentially deplete all of his current cash holdings and prevent him from meeting any ongoing payment obligations, which would impact his family's ability to make payments they need for basic living expenses. Although Mr. Lee is making reasonable efforts to be in a position to make a payment of any fine as promptly as possible, under current circumstances, he objects to the conclusion that he could make a statutory maximum

1    payment "immediately."

2         Mr. Lee will address how the facts included in the PSR should impact the

3    Court's evaluation of the appropriate sentence in his forthcoming filing.

4

5    DATED: May 12, 2023              Ariel A. Neuman

6                                     Ray S. Seilie
                                      Bird, Marella, Boxer, Wolpert, Nessim,
7                                     Drooks, Lincenberg & Rhow, P.C.

8

9

10   By:  _____

11                                     Ariel A. Neuman
                                      Attorneys for Defendants 940 Hill, LLC
12                                     and Dae Yong Lee

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28